J-A22014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN YELVERTON | : | |
| | : | |
| Appellant | : | No. 148 EDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0104401-2004

BEFORE:   MURRAY, J., STRASSBURGER, J.[*], and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:               **FILED SEPTEMBER 06, 2019**

Kevin Yelverton (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

Prior panels of this Court summarized the pertinent facts and procedural history of this case as follows:

On June 9, 2003[,] at approximately 6:30 p.m., Tyrek Nelson (hereinafter "Tyrek"), David Nelson, his brother, the deceased (hereinafter "David"), and Michael Hinton (hereinafter "Michael") were on Conestoga Street in Philadelphia.  [Appellant] (a/k/a Gotti) approached David and questioned him about something that was stolen from [Appellant's] apartment.  An argument ensued, [Appellant] grabbed David by his shirt, and they began shoving each other.  Michael intervened and broke up the altercation.  Tyrek, David, and Michael left the area and walked over to 55th Street in Philadelphia.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The next day, June 10, 2003[,] at approximately 9:00 p.m., Tyrek and other unknown males were in a dice game on Conestoga Street between Poplar Street and Girard Avenue in Philadelphia. David joined the dice game and won about twelve hundred dollars before he left. Approximately twenty minutes after David left the dice game, Tyrek left and walked towards 54th and Pennsgrove Streets. When he was approximately 60 feet away from Pennsgrove Street, he heard a gunshot. Upon turning onto Pennsgrove Street, he saw a male with braids, later identified as [Appellant], standing over another male, later identified as David, who was on the ground. He saw [Appellant] touch David's clothing and shoot at him twice. After firing the shots, [Appellant] ran across 54th Street through a parking lot.

*Commonwealth v. Yelverton*, 996 EDA 2006 at 2-3 (Pa. Super. Aug. 30, 2007) (unpublished memorandum) (quoting Trial Court Opinion, 7/14/06, at 1-2 (record citations omitted)).

Following a jury trial, at which Tyrek [] was a key eyewitness for the Commonwealth, Appellant was convicted of second-degree murder and possessing an instrument of crime (PIC). On October 24, 2005, he was sentenced to life imprisonment, without the possibility of parole, for his murder conviction, and a consecutive term of 16 to 48 months [of] incarceration for his PIC offense. On August 30, 2007, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Yelverton*, [996 EDA 2006 at 2-3 (Pa. Super. Aug. 30, 2007)] (unpublished memorandum), *appeal denied*, 946 A.2d 688 (Pa. 2008).

Appellant filed his first PCRA petition on December 1, 2008. Counsel was appointed and filed an amended petition on his behalf. On January 18, 2011, Appellant's petition was denied without a hearing, and Appellant timely appealed. On October 25, 2013, this Court affirmed the order denying Appellant's petition, and on April 8, 2014, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Yelverton*, No. 1040 EDA 2011, unpublished memorandum (Pa. Super. filed Oct. 25, 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014).

On June 6, 2014, Appellant filed [a] *pro se* PCRA petition . . . . Therein, Appellant asserted, *inter alia*, that he had obtained new

evidence in the form of an affidavit from Tyrek, in which Tyrek recanted his trial testimony against Appellant. On July 16, 2014, Appellant filed an amended petition. For some unapparent reason, Appellant's petition languished in the lower court for two years before the court issued a Pa.R.Crim.P. 907 notice on July 12, 2016, stating only that Appellant's petition "is untimely and does not invoke an exception to the timeliness provisions of the [PCRA]." Pa.R.Crim.P. 907 Notice, 7/12/16, at 1. On August 1, 2016, Appellant filed a *pro se* response to the court's Rule 907 notice, but on August 31, 2016, the court issued an order dismissing his petition as being untimely-filed.

*Commonwealth v. Yelverton*, 3110 EDA 2016 at 2-3 (Pa. Super. Feb. 2, 2018) (unpublished memorandum).

Appellant timely appealed the denial of his second PCRA petition to this Court. On appeal, this Court vacated the order denying his second PCRA petition as untimely, concluding that Appellant's after-discovered evidence claim relating to Tyrek's recantation affidavit potentially satisfied the newly-discovered fact exception to the PCRA's time limitation and that Appellant had exercised due diligence in raising the claim. *Id.* at 8-9. Accordingly, we remanded the case to the PCRA court to determine in the first instance whether Tyrek's recantation satisfied the timeliness exception and if so, whether the after-discovered evidence claim had merit.

On October 5, 2018, the PCRA court held a hearing on Appellant's claim. On January 11, 2019, the PCRA court issued an order dismissing Appellant's second PCRA petition. The PCRA court determined that Appellant's claim satisfied the newly-discovered fact exception to the PCRA's time limitation and that consequently, the court had jurisdiction over his second PCRA petition.

- 3 -

PCRA Court Opinion, 3/6/19, at 3. The court, however, further determined that Appellant's after-discovered evidence claim was meritless. *Id.* at 5. The court reasoned that Tyrek's recantation was not credible and that even if it were credible, it would not have changed the outcome at trial because there was other evidence of Appellant's guilt, including another eyewitness who testified at trial that Appellant committed the murder. *Id.* at 2-5. Appellant timely appealed to this Court.

Appellant presents the following issue for review:

1. Did the PCRA court err in dismissing Appellant's PCRA Petition because recanting eyewitness, Tyr[e]k Nelson, testified consistently at the evidentiary hearing and there is no reasonable basis for believing that Mr. Nelson would wish to give exculpatory testimony in favor of Appellant if Appellant had, in fact, shot and killed Mr. Nelson's brother and Decedent in the underlying trial, David Nelson?

Appellant's Brief at 4.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Appellant argues that the PCRA court erred in finding Tyrek's recantation not credible. Appellant asserts that Tyrek's recantation was credible because there was no evidence that he and Appellant had colluded and that "[i]t is

inconceivable" that Tyrek, whose brother was the victim in this case, would not want Appellant to face justice if Appellant was indeed the true killer. Appellant's Brief at 12-13.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[1] If a petition is untimely, and the

---

[1] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2) and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1).

petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

With respect to the newly-discovered fact exception, this Court has explained:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original).
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. *Bennett*, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" *Id*. Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to

---

The amendment took effect on December 24, 2018 and "shall apply to claims arising on Dec[ember] 24, 2017 or thereafter." *Id.* This amendment does not impact our disposition.

him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett***, ***supra***. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Bennett***, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.4 Id. at 395, 930 A.2d at 1271.

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015) (citations modified).

Here, there is no dispute that Appellant's claim satisfied the newly-discovered fact exception to the PCRA's time limitation. Instead, Appellant challenges the PCRA court's conclusion that his after-discovered evidence claim was meritless because Tyrek's recantation was not credible.

To obtain relief based upon an after-discovered evidence claim under the PCRA, a petitioner must establish:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable

diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004).

Importantly, our Supreme Court has acknowledged that, "as a general matter, recantation evidence is notoriously unreliable, particularly where the witness claims to have committed perjury." *Id.* at 825 (quotations and citations omitted). The Supreme Court "has also emphasized, however, that, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole." *Id.*

The PCRA court provided the following assessment of Tyrek's recantation:

Here, [Tyrek] gave consistent statements throughout the entirety of the case. Not only to witnessing the murder and identifying [] Appellant but also as to Appellant's motive and telling his mother Appellant killed his brother. It took [Tyrek] ten years, five of which he was incarcerated, to recant his story. To [Tyrek]'s own admission, it is problematic to be known as a snitch in jail. Despite Appellant's position that it is "inconceivable" that [Tyrek] would recant unless it was true given that that his brother was killed, [Tyrek] is incarcerated for the foreseeable future on multiple attempted murder convictions and related charges. Moreover, it is not credible that police would know all the detailed information in [Tyrek]'s statement. [Tyrek] gave a detailed statement as to both being an eyewitness and as to Appellant's motive and statements. There was no evidence presented to show that [Tyrek] gave the statement in exchange for the police dropping charges. There was no pending criminal charges against [Tyrek] at any time during Appellant's case nor any record of an arrest at that time. Therefore, this court found that [Tyrek]'s recantation at the evidentiary hearing was not credible.

Notwithstanding the credibility issue, [Tyrek]'s recantation alone would not satisfy the requirement that it would likely result in a different verdict if a new trial were granted. [Tyrek] was only one of two eye witnesses. Christopher Thomas also testified and identified Appellant at trial. [Tyrek]'s mother testified that [Tyrek] told her that Appellant killed her son. There also was motive evidence, flight and ballistic evidence submitted at trial. Therefore, the instant recantation would not likely result in a different verdict at a new trial.

PCRA Court Opinion, 3/6/19, at 4-5.

Having reviewed the record, the parties' briefs, and pertinent authority, we conclude that the record supports the PCRA court's credibility determination. At Appellant's PCRA hearing, Tyrek testified that his initial identification of Appellant as his brother's killer was a lie and the product of police coercion and promises by the police to dismiss charges against him. N.T., 10/5/18, at 34-35. Tyrek, however, readily acknowledged at the evidentiary hearing that he was not in custody at the time he gave his statement to police or when he testified at Appellant's preliminary hearing, nor did he have any criminal charges pending against him at either time. *Id.* at 35, 50. As the PCRA court recounted, Appellant also explicitly discussed the problems of serving time in prison while having the reputation of being a "snitch." *Id.* at 86. It is well settled that "[a] PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016). Because the PCRA court's credibility finding is supported by the record, we are bound its determination. *See id.*

Moreover, Appellant does not in any manner contest the PCRA court's determination that even if Tyrek's recantation was credible, it would not have changed the outcome of Appellant's trial because of the other evidence of Appellant's guilt. Accordingly, we conclude that the PCRA court did not abuse its discretion in rejecting Appellant's after-discovered evidence claim, as it would not have compelled a differed verdict. **_See D'Amato_**, 856 A.2d at 825.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19